UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| NATHAN ALLEN WILLIAMS,<br><br>Plaintiff,<br><br>vs.<br><br>WARDEN JEFF GROMER,<br><br>Defendant. | 4:18-CV-04172-KES<br><br>MEMORADUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

Plaintiff, Nathan Allen Williams, initiated this action against defendant, Warden Jeff Gromer. Docket 1. Williams alleges that Gromer, in his official capacity, violated his rights under the Free Exercise Clause of the First Amendment. *Id.* Gromer moves for summary judgment arguing that Williams failed to exhaust his administrative remedies as is required under 42 U.S.C. § 1997e(a). Dockets 23, 26. For the following reasons, Gromer's motion for summary judgment is granted.

**FACTUAL BACKGROUND**

The facts, viewed in the light most favorable to Williams, the nonmoving party,[1] are:

---

[1] Williams did not respond to Warden Gromer's Statement of Undisputed Material Facts. Under D.S.D. Civ. LR 56.1.D., "[a]ll material facts set forth in the movant's statement of material facts will be deemed to be admitted unless controverted by the opposing party's response to the moving party's statement of material facts." As a result, the court deems all of Warden Gromer's Statement of Undisputed Material Facts to be admitted by Williams.

On March 6, 2018, Williams was booked into the Minnehaha County jail. Docket 27 ¶ 9. While at the jail, Williams was required to comply with the "cell move" policy. *Id.* ¶ 10. This policy requires the inmates to clean their cells and move to a new cell every weekend, Friday, Saturday, or Sunday. *Id.* ¶ 6. Cell moves are usually accomplished on Saturdays. *Id.* The "cell move" policy is in place as a security measure to prevent an inmate from being confined in one particular cell for an extended period of time, which may allow an inmate to cut or dig at a window thereby creating an opening to escape. *Id.* ¶ 7.

Williams was dissatisfied with the policy and complained several times through the Inmate Kiosk System. *Id.* ¶ 11. The Inmate Kiosk System is located in each cell block and allows inmates to engage in correspondence with many different areas of the jail, including: inmate request forms, accounting, clergy inquiry, commissary, food service, sick call request, medical grievance, programs request, PREA reports, and grievances. *Id.* ¶ 12. If an inmate cannot informally resolve his or her complaint, he or she may submit a grievance through the kiosk system. *Id.*

To file a grievance using the kiosk system, the inmate must follow the procedure in the Inmate Grievance Procedure policy. *Id.* ¶ 13. Under the policy, an inmate would use his or her individual ID code to login to a kiosk system and select "Grievance/Grievance Appeal." *Id.* The inmate then must state the specific nature of his or her grievance. *Id.* After the grievance is submitted, the Corporal would review and respond to the grievance. *Id.* If the inmate is dissatisfied with the Corporal's response, the inmate may submit an appeal on

the kiosk. *Id.* The level of appeals are: Sergeant, Lieutenant, Warden, and Sheriff. *Id.* To file a final appeal with the Sheriff, the inmate must write the Sheriff a letter. *Id.*

Williams filed numerous inmate requests, program requests, and clergy requests regarding the "cell move" policy. *Id.* ¶ 14. On July 9, 2018, Williams filed his first grievance using the kiosk system:

> Programs is denying me my constitutional rights to freedom of religion and breaking my God given day of Sabbath. I am telling you right now that this jails policy does not override my God given rights as a citizen of USA the practice my religion of Christianity. I have also informed Programs if they do not change their response to my original request. You have it stated in Lt. Keegan's response that this county jail's law override the federal government and I will [b]e filing civil lawsuit and for the love of God in the name of Jesus Christ I will see you in court just a matter of time and while this jail holds me against my will as an innocent man until proven guilty and holding my life in your hands for sins over a decade ago, I have nothing but time. SO you may have my life right now but with Lt. Keegan statement on your jail policy and practices to override my constitutional rights I have you by the balls. So let's play games boys it you turn.

*Id.* ¶ 15; Docket 24-6 at 1. Corporal Keegan responded to Williams's grievance. Docket 27 ¶ 15. Williams responded that he is a baptized Catholic and requested the address of the U.S. District Court to file a lawsuit. *Id.* Williams then appealed his grievance to the Lieutenant level. *Id.* Lieutenant Mattson responded that the cell moves are necessary to maintain security of the jail. *Id.* Williams then appealed his grievance to the Warden level. *Id.* Warden Gromer responded that weekly cell moves were not optional and that Williams would be expected to move to another cell when requested to do so. *Id.* After this

3

response was received, Williams closed his appeal. *Id.* He did not exercise his final appeal to the Sheriff. *Id.*

On July 24, 2018, Williams filed a second grievance using the kiosk system:

> Now Warden says this isn't a medical grievance and to take it through this channel.
>
> Privacy laws with medical patients, nobody is allowed to know what another man has growing on his skin to infect and possibly cause bodily harm for the rest of his life from some unknown contagious communicable disease.
>
> Now why are we Forced to move into another man's cell before jail staff has properly disinfected and sanitized such cell???

*Id.* ¶ 16; Docket 24-7. The grievance was appealed up to the Warden level and then closed. Docket 27 ¶ 16. Williams did not exercise his final appeal to the Sheriff. *Id.*

After Warden Gromer was served with notice of the current lawsuit and after he reviewed the complaint, Warden Gromer realized that Williams's lawsuit was based on his choice to observe the Sabbath on Saturday, not Sunday. *Id.* ¶ 18. Shortly thereafter, Warden Gromer sent an email to the jail administration staff adjusting the day of the week that Williams was to move cells to "on any day other than Saturday." *Id.*; Docket 24-8. The adjustment was implemented immediately and before Williams's next scheduled "cell move" day. Docket 27 ¶ 18. On July 16, 2019, Williams was transferred from the Minnehaha County jail and he is currently on release and living in Brandon, South Dakota. *Id.* ¶ 19; Docket 22.

## STANDARD OF REVIEW

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] party seeking summary judgment always bears the initial responsibility of . . . demonstrat[ing] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party must inform the court of the basis for its motion and also identify the portion of the record that shows there is no genuine issue in dispute. *Hartnagel v. Norman*, 953 F.2d 394, 395 (8th Cir. 1992) (citation omitted).

The nonmoving party to a motion for summary judgement "must substantiate his allegations with 'sufficient probative evidence [that] would permit a finding in [his] favor on more than mere speculation, conjecture, or fantasy.'" *Moody v. St. Charles Cty.*, 23 F.3d 1410, 1412 (8th Cir. 1994) (alterations in original) (quoting *Gregory v. Rogers*, 974 F.2d 1006, 1010 (8th Cir. 1992)). The nonmoving party is entitled to the benefit of all reasonable inferences to be drawn from the underlying facts in the record. *Vette Co. v. Aetna Cas. & Sur. Co.*, 612 F.2d 1076, 1077 (8th Cir. 1980). "[T]he mere existence of some alleged factual dispute between the parties is not sufficient by itself to deny summary judgment . . . ." *Get Away Club, Inc. v. Coleman*, 969 F.2d 664, 666 (8th Cir. 1992) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986)). "Instead, 'the dispute must be outcome determinative under prevailing law.'" *Id.* (quoting *Holloway v. Pigman*, 884 F.2d 365, 366 (8th

Cir. 1989)). Thus, "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party," summary judgment is not appropriate. *Anderson*, 477 U.S. at 248.

**DISCUSSION**

The Prison Litigation Reform Act provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). An inmate must pursue the " 'grievance process to its final stage' to 'an adverse decision on the merits.' " *Porter v. Sturn*, 781 F.3d 448, 451 (8th Cir. 2015) (quoting *Burns v. Eaton*, 752 F.3d 1136, 1141 (8th Cir. 2014)). "Nonexhaustion is an affirmative defense, and defendants have the burden of raising and proving the absence of exhaustion." *Porter*, 781 F.3d at 451. Warden Gromer alleges as an affirmative defense in his brief that Williams failed to exhaust his administrative remedies. Docket 26 at 6-8.

Here, Williams alleges that the "cell move" policy infringes on his First Amendment right to practice his religion because he was forced to move cells on his Sabbath, Saturdays. Docket 1 at 4. While Williams filed two grievances regarding this policy, he never appealed his grievance to the final level by writing a letter to the Sheriff. As a result, Williams failed to fully exhaust his administrative remedies by exercising his final appeal to the Sheriff and his claim must be dismissed under § 1997e(a).

## CONCLUSION

Because Williams failed to fully exhaust his administrative remedies when he did not appeal his grievance regarding the "cell move" policy to the Sheriff, Warden Gromer is entitled to summary judgment under 42 U.S.C. § 1997e(a). Thus, it is

ORDERED that Warden Gromer's motion for summary judgment (Docket 23) is granted.

DATED this 20th day of February, 2020.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE